IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL COMPANY, LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action Number |
| EXABYTE CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Matsushita Electric Industrial Co., Ltd. ("Matsushita") states the following for its

Complaint against Defendant Exabyte Corporation ("Exabyte").

## PARTIES

1.    Plaintiff Matsushita is a Japanese corporation that maintains its principal place of

business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.  Matsushita is in the

business of producing and selling electronic and electric products for a range of consumer,

business, and industrial needs, among other things.

2.    Defendant Exabyte is a Delaware corporation that maintains its principal place of

business at 2108 55th Street, Boulder, Colorado.  Upon information and belief, Exabyte is in the

business of manufacturing and selling various automated tape storage units ("autoloaders"),

including without limitation the VXA-2 PacketLoader 1x10 1U Autoloader and the VXA-2

PacketLoader 1x10 1U with FireWire.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35, United States Code.  The Jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338.

4.      Upon information and belief, the Court has personal jurisdiction over Exabyte due to its incorporation in the State of Delaware and due to its tortious conduct in Delaware, including the sale, offering for sale, and/or advertising of infringing products in Delaware.

5.      Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(b). A substantial part of the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PATENT INFRINGEMENT

6.      Matsushita is the owner by assignment of United States Patent No. D487,256 ("the '256 Patent"), which duly and legally issued on March 2, 2004 for the invention of the ornamental design of an autoloader.  A copy of the '256 Patent is attached to this Complaint as Exhibit 1 and is incorporated herein by reference.

7.      Defendant Exabyte has directly and indirectly infringed and is directly or indirectly infringing the '256 Patent by making, using, selling, and/or offering for sale various autoloaders, including without limitation the VXA-2 PacketLoader 1x10 1U Autoloader and the VXA-2 PacketLoader 1x10 1U with FireWire, that embody the invention patented by the '256 Patent.

8.      Upon information and belief, Exabyte has infringed and is infringing the '256 Patent by actively inducing others to make, use, offer to sell, and/or sell various autoloaders,

2

including without limitation the VXA-2 PacketLoader 1x10 1U Autoloader and the VXA-2 PacketLoader 1x10 1U with FireWire, that embody the invention patented by the '256 Patent.

9.      Upon information and belief, Exabyte has infringed and is infringing the '256 Patent by contributing to the manufacture, use, or sale of various autoloaders, including without limitation the VXA-2 PacketLoader 1x10 1U Autoloader and the VXA-2 PacketLoader 1x10 1U with FireWire, that embody the invention patented by the '256 Patent.

10.     At no time has Matsushita given Exabyte permission, a license, or authorization to practice the '256 Patent.

11.     Exabyte had actual or constructive knowledge and/or notice of the '256 Patent prior to its infringing activity.  Exabyte's infringement of the '256 Patent has been knowing and willful.  Despite such notice, Exabyte has continued and will likely continue to willfully and deliberately engage in acts of infringement of the '256 Patent unless enjoined by this Court.

12.     As a result of Exabyte's infringing activity, Matsushita has suffered, and will continue to suffer, irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. § 283.

13.     Under 35 U.S.C. § 284, Matsushita is entitled to recover actual damages adequate to compensate it for Exabyte's infringement of the '256 Patent, including, without limitation, its lost profits resulting from Exabyte's wrongful use of the invention.

14.     Matsushita is entitled to an additional remedy for infringement of a design patent pursuant to 35 U.S.C. § 289.

15.     Matsushita is entitled to enhanced damages, attorneys' fees, expert witness fees and costs pursuant to 35 U.S.C. §§ 284 and 285.  This is an exceptional case within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

Matsushita hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Matsushita respectfully requests the following relief:

A.    the entry of judgment that Defendant Exabyte has been and still is infringing the
'256 Patent;

B.    the entry of a permanent injunction, enjoining Exabyte, its officers, directors,
employees, managers, members, agents, parents, subsidiaries, principals,
successors in interest, and all those acting in concert or active participation with
them from selling, making, using, or offering to sell any autoloaders, including
without limitation the VXA-2 PacketLoader 1x10 1U Autoloader, the VXA-2
PacketLoader 1x10 1U with FireWire, any other product that directly or indirectly
infringes any of the claims of the '256 Patent, and colorable variations thereof;

C.    an award to Matsushita of any and all damages recoverable under applicable law
or statute, including lost profits and in no event less than a reasonable royalty
under 35 U.S.C. § 284, and damages for infringement of a design patent under 35
U.S.C. § 289;

D.    the entry of judgment finding that Exabyte's infringement has been willful and
awarding treble damages;

E.    the entry of judgment finding that this case is exceptional and awarding Plaintiff
its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable law;
and

F.    such other and further relief as the Court deems equitable and appropriate.

4

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel:  302-654-1888
Fax: 302-654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

David J. Lender
David L. Yohai
Salvatore A. Romanello
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10003
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Yar R. Chaikovsky
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065
Telephone: (650) 802-3000
Facsimile:  (650) 802-3100

Dated: June 6, 2005
158110.1

# EXHIBIT 1

US00D487256S

(12) **United States Design Patent** (10) Patent No.: **US D487,256 S**

Ito et al. (45) Date of Patent: ** Mar. 2, 2004

(54) **RACKMOUNT SERVER**

(75) Inventors: **Masakatsu Ito**, Saijo (JP); **Tamotsu Senda**, Onsen-gun (JP); **Koji Yukikado**, Saijo (JP)

(73) Assignee: **Matsushita Electric Industrial Co., Ltd.**, Osaka (JP)

(**) Term: **14 Years**

(21) Appl. No.: **29/172,256**

(22) Filed: **Dec. 9, 2002**

(30) **Foreign Application Priority Data**

Sep. 20, 2002 (JP) .......................................... 2002-025714

(51) LOC (7) Cl. .................................................. **14-02**

(52) U.S. Cl. .................................................... **D14/113**

(58) **Field of Search** ............................... D14/300, 308, D14/310, 311, 312, 313, 301, 349–356; 361/683, 724; 312/223.2

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,979,636 A * 12/1990 Daly ........................ 361/724 X
5,788,346 A * 8/1998 Jacobson et al. .... 312/223.2 X
6,227,630 B1 * 5/2001 Brown et al. ............ 312/223.2

OTHER PUBLICATIONS

*Products Catalog*, Owltech, Jun. 2002, vol. X, pp. 11–12 + cover and index, http://www.owltech.co.jp/.
*Catalog: GS–SR202 2U Rackmount Server Platform Solution*, GIGABYTE Technology, 2001.

* cited by examiner

*Primary Examiner*—Joel Sincavage
(74) *Attorney, Agent, or Firm*—Brinks Hofer Gilson & Lione

(57) **CLAIM**

The ornamental design for a rackmount server, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a rackmount server of the present invention;
FIG. 2 is a rear perspective view thereof;
FIG. 3 is a front view thereof;
FIG. 4 is a rear view thereof;
FIG. 5 is a first side view thereof;
FIG. 6 is a second side view thereof;
FIG. 7 is a top view thereof; and,
FIG. 8 is a bottom view thereof.

**1 Claim, 8 Drawing Sheets**





**FIG. 1**



**FIG. 2**

**U.S. Patent**        Mar. 2, 2004        Sheet 3 of 8        US D487,256 S



FIG. 3



## FIG. 4



FIG. 5



# FIG. 6



FIG. 7



FIG. 8